## Case Information

# JEPSON-BLUHM LLC D/B/A INTERNATIONAL PRECIOUS METALS VS. SENECA INSURANCE COMPANY, INC.

**60108**

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Hardin County - District Clerk | Civil - Contract | Other Contract | 2/11/2019 |

## Parties

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | JEPSON-BLUHM LLC D/B/A INTERNATIONAL PRECIOUS METALS ▼ | DOWNEY, MICHAEL ▼ |
| Defendant | SENECA INSURANCE COMPANY, INC. ▼ | |

## Filings

### Answer/Response
**Seneca Insurance Company's General Denial, Special Exceptions, and Affirmative Defenses**

File Date 3/6/2019

| Name | Description | Security | Pages |
|---|---|---|---|
| Answer (2).pdf | Answer (2).pdf | Does not contain sensitive data | 7 |

### Sheriff Return

File Date 2/19/2019

| Name | Description | Security | Pages |
|---|---|---|---|
| 2019.02.355236.pdf | 2019.02.355236.pdf | Does not contain sensitive data | 2 |

### Petition
**Plaintiff's Original Petition**

File Date 2/11/2019

| Name | Description | Security | Pages |
|---|---|---|---|
| Plaintiff's Original Petition.pdf | Plaintiff's Original Petition.pdf | Does not contain sensitive data | 36 |
| Civil Case Information Sheet.pdf | Civil Case Information Sheet.pdf | Does not contain sensitive data | 2 |

### Petition
**Request for Process of Service Sheet**

File Date 2/11/2019

| Name | Description | Security | Pages |
|---|---|---|---|
| Request for Process of Service Sheet.pdf | Request for Process of Service Sheet.pdf | Does not contain sensitive data | 1 |

© 2019 Tyler Technologies, Inc. | All Rights Reserved
Version: 2019.0.0.2697


EMPOWERED BY TYLER TECHNOLOGIES

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

CAUSE NO. 60108 _____

| | | |
|---|---|---|
| **JEPSON-BLUHM, LLC D/B/A INTERNATIONAL PRECIOUS METALS,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § § | |
| **v.** | § § | **HARDIN COUNTY, TEXAS** |
| **SENECA INSURANCE COMPANY, INC.,** | § § | |
| *Defendant.* | § § | 356TH _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jepson-Bluhm, LLC d/b/a International Precious Metals ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Seneca Insurance Company, Inc. ("Seneca" or "Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff Jepson-Bluhm, LLC is a domestic company located and doing business in Hardain County, Texas as Internatinal Precious Metals.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

3.      Defendant Seneca is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, James N. Isbell, at One Riverway, Suite 1400, Houston, Texas 77056.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant Seneca because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Hardin County, Texas, because the insured property is situated in Hardin County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.      Plaintiff is the owner of a Texas Commercial Property Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Seneca.

8.      Plaintiff owns the insured property, which is specifically located at 3545 Highway 96 Bypass, Silsbee, Texas 77656, in Hardin County (hereinafter referred to as "the Property").

9.      Seneca sold the Policy insuring the Property to Plaintiff.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

10. On or about August 30, 2017, Plaintiff's Property sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas. Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane. Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of Silsbee—with wind, wind-driven rain, and/or other covered perils.

11. As would be expected in a wind event of this magnitude, Plaintiff's building sustained extensive damage during the storm. Water intrusion caused significant damage throughout the entire Property including, but not limited to, the ceilings, walls, insulation, cabinets, flooring, and carpet. Plaintiff's Property also sustained substantial structural and exterior damage during the storm including, but not limited to, the roof, stucco and windows. Furthermore, Plaintiff sustained significant damage to its business personal property including, but not limited to, its electronics, furniture, and inventory.

12. Immediately after the storm, Plaintiff filed a claim with its insurance company, Seneca, for the damages to its Property caused by Hurricane Harvey.

13. Plaintiff submitted a claim to Seneca against the Policy for Business Personal Property Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Harvey.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

14.    Plaintiff asked that Seneca cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof, repair of the interior water damages, repair of the exterior damages, and repair and/or replacement of its business personal property, pursuant to the Policy.

15.    Defendant Seneca assigned adjusters and an adjusting company to inspect the Property. The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim.

16.    Specifically, the inadequate inspections by Defendant Seneca through its agents left Plaintiff unable to fix the Property or replace the damaged business personal property. Defendant's also ignored damage to Plaintiff's roof and windows, as well as made other material omissions.   Additionally, the adjusters and claims examiners assigned to Plaintiff's claim excluded covered damage that should not have been excluded and failed to conduct a reasonable investigation to avoid an inadequate claim adjustment.   Plaintiff tried to work this issue out with Defendants Seneca and its agents.   Specifically, Plaintiff told each of these individuals that they did not agree with the assessment of damage.

17.    Ultimately, however, Defendant Seneca denied Plaintiff's claim for damage to its Property caused by Hurricane Harvey.   Defendant Seneca's denial letter, dated November 13, 2017, further fails to give a reasonable explanation for the denial of Plaintiff's claim and misrepresents that Plaintiff's damages are not covered under the Policy.

18.    As a result of Defendant Seneca's unreasonable investigation, Plaintiff was forced to hire the undersigned counsel.   On July 5, 2018, on behalf of Plaintiff, Plaintiff's counsel requested an appraisal pursuant to the Policy to show how much repairs are going to cost. However, rather than working with Plaintiff to make sure its claim and damages were

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

properly addressed, Defendant Seneca refused to even comply with the Policy and participate in an appraisal.

19.    On behalf of Plaintiff, on September 13, 2018, Plaintiff's counsel then sent Defendant Seneca a notice letter in accordance with Texas Insurance Code Section 542A.003. Counsel also sent a copy of this letter to Plaintiff.  Defendant Seneca responded to this letter on October 12, 2018 and requested to re-inspect the Property.

20.    Defendant Seneca set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the denial of Plaintiff's storm damages during the investigation and failure to provide any coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and it was denied adequate and sufficient payment to repair its Property.  The mishandling of Plaintiff's claim has also caused a delay in its ability to fully repair its Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

21.    As detailed in the paragraphs below, Seneca wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

22.    To date, Seneca continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid for the damages to its Property.

23.    Defendant Seneca failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

the Policy had been carried out and accomplished by Plaintiff.   Seneca's conduct constitutes a breach of the insurance contract between Seneca and Plaintiff.

24.   Defendant Seneca misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Seneca's s conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

25.   Defendant Seneca failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.   Defendant Seneca's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

26.   Defendant Seneca failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim.   Specifically, Defendant Seneca failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendant Seneca did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.   Defendant Seneca's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(3).

27.   Defendant Seneca failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Seneca. Defendant Seneca's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

28.    Defendant Seneca refused to fully compensate Plaintiff, under the terms of the Policy,

even though Defendant Seneca failed to conduct a reasonable investigation.  Specifically,

Defendant Seneca performed an outcome-oriented investigation of Plaintiff's claim,

which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the

Property.  Defendant Seneca's conduct constitutes a violation of the Texas Insurance

Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

29.    Defendant Seneca failed to meet its obligations under the Texas Insurance Code

regarding timely acknowledging Plaintiff's claim, beginning an investigation of

Plaintiff's claim, and requesting all information reasonably necessary to investigate

Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

claim.  Seneca's conduct constitutes a violation of the Texas Insurance Code, Prompt

Payment of Claims.  TEX. INS. CODE §542.055.

30.    Defendant Seneca failed to accept or deny Plaintiff's full and entire claim within the

statutorily mandated time of receiving all necessary information.  Seneca's conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX.

INS. CODE §542.056.

31.    Defendant Seneca failed to meet its obligations under the Texas Insurance Code

regarding payment of claim without delay.  Specifically, it has delayed full payment of

Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment

for its claim.  Seneca's conduct constitutes a violation of the Texas Insurance Code,

Prompt Payment of Claims.  TEX. INS. CODE §542.058.

32.    From and after the time Plaintiff's claim was presented to Defendant Seneca, the liability

of Seneca to pay the full claim in accordance with the terms of the Policy was reasonably

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

clear.  However, Seneca has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Seneca's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33.   Defendant Seneca knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

34.   As a result of Defendant Seneca's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

35.   Plaintiff's experience is not an isolated case.  The acts and omissions Seneca committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Seneca with regard to handling these types of claims. Seneca's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST SENECA ONLY

36.   Defendant Seneca is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

### BREACH OF CONTRACT

37.  Defendant Seneca's conduct constitutes a breach of the insurance contract made between Seneca and Plaintiff.

38.  Defendant Seneca's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Seneca's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

39.  Defendant Seneca's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

40.  Defendant Seneca's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

41.  Defendant Seneca's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Seneca's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

42.  Defendant Seneca's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

43.     Defendant Seneca's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

44.     Defendant Seneca's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

45.     Defendant Seneca's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

46.     Defendant Seneca's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

47.     Defendant Seneca's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

48.     Defendant Seneca's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.     Defendant Seneca's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

50.     Defendant Seneca's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Seneca knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### FRAUD

51.     Defendant Seneca is liable to Plaintiff for common law fraud.

52.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Seneca knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

54.     Plaintiff is not making any claims for relief under federal law.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## KNOWLEDGE

55.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

56.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

57.     As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant Seneca's mishandling of Plaintiff's claim in violation of the laws set forth above.

58.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

59.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

60.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees.  TEX. INS. CODE §542.060.

61.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

62.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

63.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

64.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hardin County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

65.    *Plaintiff's Request for Disclosure to Defendant Seneca Insurance Company, Inc. is attached as "Exhibit A."*

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

### REQUESTS FOR PRODUCTION

66.     *Plaintiff's First Request for Production to Defendant Seneca Insurance Company, Inc.* is attached as "Exhibit B."

### INTERROGATORIES

67.     *Plaintiff's First Set of Interrogatories to Defendant Seneca Insurance Company, Inc.* is attached as "Exhibit C."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show themself justly entitled.

Respectfully submitted,

MOSTYN LAW

  */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

**"EXHIBIT A"**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **JEPSON-BLUHM, LLC D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **INTERNATIONAL PRECIOUS** | § | |
| **METALS,** | § | |
|     *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARDIN COUNTY, TEXAS** |
| | § | |
| **SENECA INSURANCE COMPANY,** | § | |
| **INC.,** | § | |
|     *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
SENECA INSURANCE COMPANY, INC.**

TO:    DEFENDANT SENECA INSURANCE COMPANY, INC., by and through its Attorney for Service: James N. Isbell, One Riverway, Suite 1400, Houston, TX 77056.

      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Seneca Insurance Company, Inc. (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

      Respectfully submitted,

**MOSTYN LAW**

  */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

**"EXHIBIT B"**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **JEPSON-BLUHM, LLC D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **INTERNATIONAL PRECIOUS** | § | |
| **METALS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARDIN COUNTY, TEXAS** |
| | § | |
| **SENECA INSURANCE COMPANY,** | § | |
| **INC.,** | § | |
| *Defendant*. | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**
**SENECA INSURANCE COMPANY, INC.**

TO:   DEFENDANT SENECA INSURANCE COMPANY, INC., by and through its Attorney for Service: James N. Isbell, One Riverway, Suite 1400, Houston, TX 77056.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Seneca Insurance Company, Inc. (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following request for production.

Respectfully submitted,

**MOSTYN LAW**

 */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Page 2

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

# DEFINITIONS

The following definitions shall have the following meanings, unless the context of the discovery request requires otherwise:

1.  "Document" means any textual, visual and auditory information items in all forms in which they are stored and/or communicated.

2.  "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, broker, adjuster, contractor/estimator, engineer, independent contractor, or employee.

3.  "Handle", handled", "handling", and/or "worked on" - any person, as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims made the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

4.  "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

5.  "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

6.  "Describe", when referring to a document, is defined to require that you state the following:

    a.  The nature (e.g., letter, handwritten note) of the document;
    b.  The title or heading that appears on the document;
    c.  The date of the document and the date of each addendum supplement, or other addition or change;
    d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
    e.  The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT
## SENECA INSURANCE COMPANY, INC.

1.      The insurance policy in effect on the date of Plaintiff's claim(s).

        RESPONSE:


2.      The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

        RESPONSE:


3.      All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

        RESPONSE:


4.      The entire claims investigation file generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) made the basis of this Lawsuit.

        RESPONSE:


5.      All training and educational materials which instruct claims adjusters or claims handlers in handling windstorm claims for property damage coverage under homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

        RESPONSE:


6.      All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, water damage, roof damage, and/or wind damage under homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

        RESPONSE:


Page 4

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

7.      All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists for windstorm damage under the policy at issue.

        <u>RESPONSE:</u>

8.      All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for roof damage and/or wind damage to the house, including the criteria, for and the process for, evaluating whether a complete roof replacement is necessary based on the amount of damage.  This request is limited to the last five (5) years.

        <u>RESPONSE:</u>

9.      All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

        <u>RESPONSE:</u>

10.     All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).  This includes any third parties performing adjusting and/or claims handling on behalf of Defendant.

        <u>RESPONSE:</u>

11.     All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiff's claim(s).

        <u>RESPONSE:</u>

12.     All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).

        <u>RESPONSE:</u>

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

13. All communications and documents Defendant sent to any other defendant(s) in this cause of action regarding Plaintiff or the Property, after Plaintiff made Plaintiff's claim(s) for coverage.

RESPONSE:

14. All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this Lawsuit.

RESPONSE:

15. Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) and the Property made the basis of this lawsuit.

RESPONSE:

16. All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

RESPONSE:

17. Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under Plaintiff's homeowner insurance policy/policies, specifically regarding damage to the roof, exterior, and interior of Plaintiff's Property.  This request is limited to the last ten (10) years.

RESPONSE:

18. Any and all records and/or documents explaining criteria utilized to qualify third parties for an "approved vendors list."  This includes independent adjusters, who are maintained on a roster for possible deployment in the field.

RESPONSE:

Page 6

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

19.   Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

      RESPONSE:


20.   Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including independent adjusters, contractors, and roofing companies, for the "approved vendors list."

      RESPONSE:


21.   All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this Lawsuit.

      RESPONSE:


22.   Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this Lawsuit.

      RESPONSE:


23.   Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this Lawsuit.

      RESPONSE:


24.   Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this Lawsuit.

      RESPONSE:


25.   Any and all records or documents Defendant has reviewed and/or obtained from third parties regarding Plaintiff's Property made the basis of this Lawsuit.

      RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

26.    All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under homeowner insurance policies in Texas.  This request is limited to the last five (5) years.

       RESPONSE:


27.    All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, roof damage, and/or wind damage under homeowner insurance policies in Texas.  This request is limited to the last five (5) years.

       RESPONSE:


28.    All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith.  This request is limited to the last five (5) years.

       RESPONSE:


29.    All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21.  This request is specifically limited to the last five (5) years.

       RESPONSE:


30.    All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055, *et seq.*, and/or Article 21.55.  This request is specifically limited to the last five (5) years.

       RESPONSE:


31.    Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income.  This request is limited to the last five (5) years.

       RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

32.     Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas.  This request is limited to the last five (5) years.

        <u>RESPONSE:</u>


33.     A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas.  This request is limited to the last five (5) years.

        <u>RESPONSE:</u>


34.     Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

        <u>RESPONSE:</u>


35.     Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, water damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.

        <u>RESPONSE:</u>


36.     Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

        <u>RESPONSE:</u>

Page 9

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

37.    Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage, water damage, roof damage claims and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

38.    Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

39.    Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

**RESPONSE:**

40.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes to those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

41.    Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

42.    Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

Page 10

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

43.    A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit.

RESPONSE:

44.    The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit.

RESPONSE:

45.    Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, water damage, roof damage, and/or wind damage to Plaintiff's property, specifically the claim(s) made the basis of this suit.

RESPONSE:

46.    Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

RESPONSE:

47.    Any and all organizational charts for Defendant.

RESPONSE:

48.    Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.  This request is limited to the last five (5) years.

RESPONSE:

49.    Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

50.    Any and all claims and underwriting files for each claim involving property damage, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit. This request is limited to the last five (5) years.

       RESPONSE:

51.    Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

       RESPONSE:

52.    Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.

       RESPONSE:

53.    Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

       RESPONSE:

54.    Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

       RESPONSE:

55.    Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

       RESPONSE:

56.    Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

       RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

57.     Any and all documents relating to or reflecting referrals of vendors, roofers, or contractors to Plaintiff or any insured.

        RESPONSE:


58.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

        RESPONSE:


59.     Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

        RESPONSE:


60.     Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

        RESPONSE:


61.     All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

        RESPONSE:


62.     Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

        RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

63.     Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds.  This request is limited to the last five (5) years.

        <u>RESPONSE:</u>

64.     Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

        <u>RESPONSE:</u>

65.     All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this suit.

        <u>RESPONSE:</u>

66.     All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding educational programs relating to the handling of property damage, water damage, and/or roof damage claims.

        <u>RESPONSE:</u>

67.     All computer files, databases, electronically-stored information or computer-stored information regarding property damage, water damage, roof damage, and/or wind damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

        <u>RESPONSE:</u>

68.     True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

        <u>RESPONSE:</u>

69.     True and complete copy of activity logs filed by the staff and/or independent adjusters on the file.

        <u>RESPONSE:</u>

Page 14

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

70.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

        RESPONSE:


71.    True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

        RESPONSE:


72.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

        RESPONSE:


73.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, water damage, roof damage and/or wind damage claims, including staff and vendors.

        RESPONSE:


74.    Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing windstorm damage claims from 2008 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.

        RESPONSE:


75.    Any and all demand letters, lawsuits and/or subrogation claims filed against any vendors, or by any vendors against Defendant.  This request is limited to the last five (5) years.

        RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

76.    Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage, wind damage claims, water damage claims, and/or roof damage claims training.  This request is limited to the last five (5) years.

<u>RESPONSE:</u>

77.    Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, water damage, roof damage, and/or wind damage claims previously gathered and produced in other TDI complaints or lawsuits.  This request is limited to the last five (5) years.

<u>RESPONSE:</u>

78.    Any and all reports, documents or correspondence containing lawsuits where lists of all suits filed against Defendant or its entities or affiliates in Texas containing an element of property damage, water damage, roof damage, and/or wind damage.  This request is limited to the last five (5) years.

<u>RESPONSE:</u>

79.    Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

<u>RESPONSE:</u>

80.    Studies commissioned by Defendant, including any done by a law firm to analyze their claim management strategies, and/or to help them improve corporate profits.  This request is limited to the last five (5) years.

<u>RESPONSE:</u>

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

**"EXHIBIT C"**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **JEPSON-BLUHM, LLC D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **INTERNATIONAL PRECIOUS** | § | |
| **METALS,** | § | |
|     *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARDIN COUNTY, TEXAS** |
| | § | |
| **SENECA INSURANCE COMPANY,** | § | |
| **INC.,** | § | |
|     *Defendant*. | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SENECA INSURANCE COMPANY, INC.

TO:    DEFENDANT SENECA INSURANCE COMPANY, INC., by and through its Attorney for Service: James N. Isbell, One Riverway, Suite 1400, Houston, TX 77056.

    Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Seneca Insurance Company, Inc. (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,

**MOSTYN LAW**

  */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the discovery request requires otherwise:

1. "Document" means any textual, visual and auditory information items in all forms in which they are stored and/or communicated.

2. "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, broker, adjuster, contractor/estimator, engineer, independent contractor, or employee.

3. "Handle", handled", "handling", and/or "worked on" - any person, as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims made the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

4. "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

5. "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

6. "Describe", when referring to a document, is defined to require that you state the following:

   a. The nature (e.g., letter, handwritten note) of the document;
   b. The title or heading that appears on the document;
   c. The date of the document and the date of each addendum supplement, or other addition or change;
   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
   e. The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
### SENECA INSURANCE COMPANY, INC.

1.    State the name, address, telephone number, and position or job title of all persons answering these interrogatories and whether you expect to call them to testify at time of trial.

RESPONSE:

2.    State the following concerning notice of claim and timing of payment:

      a.  The date and manner in which you received notice of the claim
      b.  The date and manner in which you acknowledged receipt of the claim
      c.  The date and manner in which you commenced investigation of the claim
      d.  The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
      e.  The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

RESPONSE:

3.    State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy related to the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person.  For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

RESPONSE:

4.    State every basis, in fact and in the terms of Plaintiff's policy for:

      a.  Defendant's denial and/or recommendation of denial of Plaintiff's claim(s); and
      b.  Defendant's failure to pay for Plaintiff's full claims

RESPONSE:

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

5.      State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for wind or hurricane damage coverage under homeowner insurance policies.

<u>RESPONSE:</u>

6.      How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

      a.   What performance measures are used
      b.   Describe you bonus incentive plan for adjusters, including per diem or any spending cards or accounts.

<u>RESPONSE:</u>

7.      Identify by name, address, and telephone number, all persons and or entities that have filed property hurricane damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

<u>RESPONSE:</u>

8.      Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement.  Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

<u>RESPONSE:</u>

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

9. Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done. For each of the listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

RESPONSE:

10. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

RESPONSE:

11. Identify by date, amount and reason, the insurance proceed payments made by you to Plaintiff.

RESPONSE:

12. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of windstorm(s).

RESPONSE:

13. From January 1, 2014 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

RESPONSE:

14. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

RESPONSE:

15.    Do you contend that the insured premises was damaged by flood water, hurricane, storm surge and/or any excluded peril, or other event or covered peril under the policy?

RESPONSE:

16.    Do you contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way?  If so, state the general factual bases for this contention.

RESPONSE:

17.    Do you contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way including, but not limited to, failing to provide you with any requested information that was required in order to evaluate Plaintiff's claim?  If so, state the general factual bases for this contention.

RESPONSE:

Copy from re:SearchTX

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____60108_____  COURT *(FOR CLERK USE ONLY)*: _____356TH_____

**JEPSON-BLUHM, LLC D/B/A INTERNATIONAL PRECIOUS METALS v. SENECA INSURANCE COMPANY, INC.**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Michael A. Downey / Email: madowney@mostynlaw.com, maddocketefile@mostynlaw.com | Plaintiff(s)/Petitioner(s): Jepson-Bluhm, LLC Barry Jepson | ☒ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 3810 West Alabama Street / Telephone: (713) 714-0000 | Defendant(s)/Respondent(s): Seneca Insurance Company, Inc. | Additional Parties in Child Support Case: Custodial Parent: Non-Custodial Parent: Presumed Father: |
| City/State/Zip: Houston, TX 77027 / Fax: (713) 714-1111 | [Attach additional page as necessary to list all parties] | |
| Signature: /s/ Michael A. Downey / State Bar No: 24087445 | | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Paternity/Parentage
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

| Tax | Probate & Mental Health |
|---|---|

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

**3. Indicate procedure or remedy, if applicable (may select more than 1):**
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but no more than $200,000
☒ Over $200,000 but no more than $1,000,000
☐ Over $1,000,000

Copy from re:SearchTX

Copy from re:SearchTX

Filed: 2/11/2019 3:14 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

# DANA HOGG
# HARDIN COUNTY DISTRICT CLERK    60108

THE STATE OF TEXAS
HARDIN COUNTY

Phone: 409-246-5150
Fax: 409-246-5288
dana.hogg@co.hardin.tx.us

P.O. Box 2997
Kountze, Texas 77625

## REQUEST PROCESS OF SERVICE SHEET
<u>Please use this form when requesting issuance types as listed below through the e-filing system.</u>

♦ This completed form MUST be filed as a separate **LEAD** document when e-filing.
♦ Select the type of issuance using the "*Optional Services*" section on the e-filing screen.
♦ If service is required, you must add the "*Copy Fee non-certified*" and enter the number of pages that the clerk's office needs to print (Ex: Petition is 5 pages, 3 citations are requested; 5 x 3 = 15 pages to be printed by the clerk's office) through the optional services section on the e-filing screen.

Cause #_____    Document to be attached: Plaintiff's Original Petition with Exhibits

Style of Case: Jepson-Bluhm, LLC d/b/a International Precious Metals

vs. Seneca Insurance Company, Inc.

## Please select the type and quantity of issuance(s) requested:

| ISSUANCE FEES | | | HARDIN COUNTY SHERIFF SERVICE FEES | | |
|---|---|---|---|---|---|
| Type | Amt | Quantity | Type | Amt | Quantity |
| Abstract of Judgment | $8 | | Citation – Personal Service | $100 | |
| Capias/Bench Warrant | $8 | | Citation – Posting | $50 | |
| Citations | $8 | 1 | Citation – Publication  Name of Newspaper _____ | $100 | |
| Citation by Certified Mail (includes preparation cost of citation) | | | | $108 | |
| Notices | $8 | | Subpoena | $100 | |
| Precept/Show Cause | $8 | | TRO/Protective Order | $100 | |
| TRO/Protective Order | $8 | | Writ - Sequestration / Execution | $200 | |
| Writs – ALL TYPES | $8 | | Writs of Possession | $150 | |
| | | | Writs-Attachment / Garnishment | $100 | |

** Note: <u>PUBLICATION COSTS</u> – *If publication is requested through the newspaper, there will be an additional cost from the newspaper for the publication.*

Name of party to be served:  Seneca Insurance Company, Inc. by serving its Attorney for Service, James N. Isbell

Address for Service:  One Riverway, Suite 1400    Apt: _____

City: Houston    State: TX    Zip: 77056

Requesting atty/pro se: Michael A. Downey, Mostyn Law    Phone: 713-714-0000

**Please attach additional pages if there are additional parties to be served.**

*** *Check one of the options below for your preferred method of service* ***

☐ Deliver to HC Sheriff    ☒ Return via e-mail/e-file  (email address: axmendoza@mostynlaw.com  )

☐ Return via mail (must pay for postage under optional services on e-file)    ☐ To be held by clerk for pick-up

Copy from re:SearchTX

02355230

Filed: 2/19/2019 12:00 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Monica Kitchens

# CIVIL CITATION
## THE STATE OF TEXAS

### CAUSE NO: 60108

| | | |
|---|---|---|
| JEPSON-BLUHM LLC D/B/A INTERNATIONAL PRECIOUS METALS | § § § | 356TH JUDICIAL DISTRICT COURT |
| VS. | | |
| SENECA INSURANCE COMPANY, INC. | § | COUNTY OF HARDIN |

**NOTICE TO DEFENDANT:** *"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."*

TO:  SENECA INSURANCE COMPANY, INC., BY SERVING THE ITS ATTORNEY FOR SERVICE
     JAMES N. ISBELL
     ONE RIVERWAY, SUITE 1400
     HOUSTON, TEXAS 77056
Defendant, in the hereinafter styled and numbered cause: 60108

You are hereby commanded to appear before 356TH JUDICIAL DISTRICT COURT of HARDIN COUNTY, TEXAS to be held at the courthouse located at 300 Monroe St. of said County in the City of Kountze, Hardin County, Texas, by filing a written answer to Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **60108** styled:

JEPSON-BLUHM LLC D/B/A INTERNATIONAL PRECIOUS METALS
VS.
SENECA INSURANCE COMPANY, INC.

Said Original Petition was filed in said court on 02/11/2019 by MICHAELW A. DOWNEY, Attorney for Plaintiff, whose address is 3810 WEST ALABAMA STREET, HOUSTON, TEXAS 77027.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT KOUNTZE, TEXAS, ON THIS THE 12th day of February, 2019.



Dana Hogg, District Clerk
Hardin County, Texas
P.O. Box 2997
Kountze, TX 77625
By _____
KATIE ROMERO, DEPUTY CLERK

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20__ at _____ o'clock ___M, and executed at _____ o'clock _____ on the _____ day of _____, 20___, by delivering to the within named SENECA INSURANCE COMPANY, INC., (_____), in person, a copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

[ ] Not executed. The diligence use in finding defendant being _____
_____
[ ] Information received as to whereabouts of defendant being _____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

AFFIDAVIT ATTACHED

| | | Sheriff / Constable |
|---|---|---|
| FEES: | $ _____ | _____ |
| | | _____ County, Texas |
| | By _____ | Deputy |

Copy from re:SearchTX

Filed: 2/19/2019 12:00 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Monica Kitchens

## CAUSE NUMBER: 60108

**JEPSON-BLUHM, LLC D/B/A**
**INTERNATIONAL PRECIOUS METALS**
**PLAINTIFF**

**IN THE 356TH JUDICIAL DISTRICT**
**COURT OF HARDIN COUNTY, TEXAS**

**VS.**

**SENECA INSURANCE COMPANY, INC.**
**DEFENDANT**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **DUSTIN TIERNEY**, personally appeared before me and stated under oath as follows:

My name is **DUSTIN TIERNEY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday February 12, 2019 AT 03:32 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, B AND C came to hand for service upon **SENECA INSURANCE COMPANY, INC. BY SERVING ITS ATTORNEY: JAMES N. ISBELL**.

On **Wednesday February 13, 2019 at 10:00 AM** - The above named documents were hand delivered to: **SENECA INSURANCE COMPANY, INC. BY HAND DELIVERING TO ITS ATTORNEY: JAMES N. ISBELL @ ONE RIVERWAY, SUITE 1400, HOUSTON, TX 77056, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

**DUSTIN TIERNEY**
**PSC# 10178 EXP 02/28/21**

**SWORN TO AND SUBSCRIBED** before me by **DUSTIN TIERNEY** appeared on this _5_ day of FEBRUARY, 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**

2019.02.355236

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713496

Copy from re:SearchTX

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## CAUSE NO. 60108

| | | |
|---|---|---|
| **JEPSON-BLUHM, LLC D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **INTERNATIONAL PRECIOUS** | § | |
| **METALS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | **HARDIN COUNTY, TEXAS** |
| | § | |
| **SENECA INSURANCE COMPANY, INC.** | § | |
| *Defendant*. | § | **356TH JUDICIAL DISTRICT** |

---

### SENECA INSURANCE COMPANY'S
### GENERAL DENIAL, SPECIAL EXCEPTIONS, AND AFFIRMATIVE DEFENSES

---

TO THE HONORABLE JUDGE STEVEN THOMAS:

Defendant Seneca Insurance Company ("Seneca"), inadvertently sued as Seneca Insurance Company, Inc., files this Original Answer and General Denial to Plaintiff Jepson-Bluhm, LLC D/B/A International Precious Metals' ("Plaintiff") Original Petition and respectfully shows as follows:

### I.    GENERAL DENIAL

Seneca asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence, as is required by the Constitution and laws of the State of Texas.

### II.    DISCOVERY PLAN:  LEVEL TWO

Seneca asserts that Level Two discovery is appropriate in this case.

1

6740023v1
01446.223

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

### III.   SPECIAL EXCEPTIONS

#### a.   Breach of Contract

Seneca specifically excepts to Plaintiff's Original Petition because it only vaguely and generically alleges that Seneca breached its contract of insurance. The vague and indefinite breach of contract claim fails to: (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss was covered under the terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Seneca which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiff.

#### b.   Bad Faith Claims

Seneca specifically excepts to Plaintiff's Original Petition because Plaintiff fails to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiff should be required to file an amended pleading which sets forth the elements and facts and evidence in support of Plaintiff's claim for bad faith, as well as all related damages.

#### c.   Chapter 541

Seneca specifically excepts to Plaintiff's Original Petition because Plaintiff's Chapter 541 claims are deficient. The elements of a cause of action under Chapter 541 are: (1) the plaintiff is a "person" as defined by Texas Insurance Code § 541.002; (2) the defendant's acts or practices violated a section of the Insurance Code, § 17.46(b) of the Texas Business & Commerce Code, or a tie-in provision of the DTPA; and (3) the defendant's acts were a producing cause of the plaintiff's damages.

6740023v1
01446.223

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

Plaintiff generically alleges that Seneca violated subparts of § 541, reciting the statutory language, but fails to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for § 541 violations, as well as all related damages.

### d.     Fraud

Seneca specially excepts to paragraphs 51 through 54 of Plaintiff's Original Petition because the allegations fail to identify any facts which support a cause of action of fraud against Seneca. In order to hold a defendant liable for common law fraud, a plaintiff must show the following: (1) the defendant made a material misrepresentation; (2) the representation was false, and was either known to be false when made or was asserted without knowledge of its truth; (3) the defendant intended the representation to be relied upon; (4) the representation was actually relied upon; and (5) the representation caused harm to the plaintiff. Plaintiff has not pled any facts substantiating any of the elements of its fraud claim against Defendant. Accordingly, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of its claim for alleged fraud.

### e.     Exemplary Damages

Seneca specifically excepts to Plaintiff's claims for an award of punitive or exemplary damages because Plaintiff fails to provide fair notice of what conduct allegedly necessitates such an award. As a result, Plaintiff should be required to amend its petition and state with particularity the elements, facts, and evidence allegedly warranting the imposition of such an award.

3

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## IV.   **AFFIRMATIVE DEFENSES**

### a.      **Failure to State a Claim**

Plaintiff's causes of action are barred, either in whole or in part, because it failed to state a claim upon which relief can be granted. Plaintiff's Original Petition merely recites provisions of the Insurance Code and generically alleges that Seneca violated same. Absent any specific factual allegations of Insurance Code violations in Plaintiff's Original Petition, the petition does not support a claim upon which relief can be granted.

### b.      **Damage Limitation**

Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable policy.

### c.      **Credit/Offset**

Seneca will assert its rights to offset and credit for indemnity amounts paid to Plaintiff by other third parties.

### d.      **Liability Not "Reasonably Clear"/*Bona Fide* Controversy**

As to Plaintiff's claims alleging common law and statutory bad faith against Seneca, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and concerning Plaintiff's entitlement to insurance benefits under the applicable policy. Seneca possesses the right to investigate questionable claims without facing bad faith liability.

### e.      **Policy Terms**

Seneca asserts that Plaintiff's claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the applicable policy.

6740023v1
01446.223

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

Although Seneca relies upon the entire terms of its policy, and fully incorporates it into this answer, it asserts that the following exclusions may apply:

**B. Exclusions**
  1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

  \*       \*       \*

  **g. Water**
   **(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge).

  \*       \*       \*

  2. We will not pay for loss or damage caused by or resulting from any of the following:

  \*       \*       \*

  **d. (1)** Wear and tear;
   **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

  \*       \*       \*

   **(4)** Settling, cracking, shrinking or expansion;

  \*       \*       \*

  3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a** through **3.c**. But if an excluded cause of loss that is listed in **3.a** through **3.c** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

  \*       \*       \*

  **c.** Faulty, inadequate, or defective:
   **(1)** Planning, zoning, development, surveying, sitting;
   **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   **(3)** Materials used in repair, construction, renovation or remodeling; or
   **(4)** Maintenance;

5

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

of part or all of any property on or off the described premises

\*      \*      \*

Additionally, Seneca relies on the following Limitations provision:

**C. Limitations**
The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.** We will not pay for loss of or damage to property, as described and limited in this section, In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

\*      \*      \*

**c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet ice, sand or dust enters; or

\*      \*      \*

## V.      **PRAYER**

Seneca requests that Plaintiff take nothing by its claims and that Seneca be granted any and all other relief to which it may show itself justly entitled.

Respectfully Submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

/s/  *Christopher H. Avery*
James N. Isbell
Texas State Bar No. 10431900
jisbell@thompsoncoe.com
Christopher H. Avery
Texas State Bar No. 24069321
cavery@thompsoncoe.com
Shelby Raye Jeffcoat
Texas State Bar No. 24106140
srjeffcoat@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas  77056
(713) 403-8210 │ (713) 403-8299 – *Fax*

6

Filed: 3/6/2019 2:59 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

**COUNSEL FOR DEFENDANT SENECA INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on the 6th day of March, 2019.

Michael A. Downey
MOSTYN LAW
3810 West Alabama Street
Houston, Texas 77027
<u>maddocketefile@mostynlaw.com</u>
*Attorneys for Plaintiff*

/s/  *Christopher H. Avery*
Christopher H. Avery

6740023v1
01446.223